ON APPLICATION FOR REINSTATEMENT
PER CURIAM.
| jThis proceeding arises out of an application for reinstatement to the practice of law filed by petitioner, Michael A. Fenasci, an attorney currently suspended from the practice of law in Louisiana.
UNDERLYING FACTS AND PROCEDURAL HISTORY
In 2009, petitioner was suspended from the practice of law for three years for serious attorney misconduct, including improperly obtaining a loan from his client, improperly advancing living expenses to his client, and commingling and converting client funds. In re: Fenasci, 09-1665 (La.l 1/20/09), 21 So.3d 984. In June 2013, petitioner filed an application for reinstatement with the disciplinary board, alleging he has complied with the reinstatement criteria set forth in Supreme Court Rule XIX, § 24(E). The Office of Disciplinary Counsel (“ODC”) took no position regarding the application for reinstatement. Accordingly, the matter was referred for a formal hearing before a hearing committee.
Following the hearing, the hearing committee recommended that petitioner be reinstated to the practice of law. Neither petitioner nor the ODC objected to the hearing committee’s recommendation.
After considering the record in its entirety, we will adopt the committee’s recommendation and reinstate petitioner to the practice of law. As found by the committee, the record provides clear and convincing evidence of petitioner’s 1 ¡¡compliance with the reinstatement criteria. Under these circumstances, petitioner has shown that he possesses the requisite competence, honesty, and integrity to be reinstated to the practice of law. Accordingly, we will reinstate petitioner to the practice of law.
DECREE
Upon review of the recommendation of the hearing committee, and considering the record, it is ordered that Michael A. Fenasci, Louisiana Bar Roll number 5508, be immediately reinstated to the practice of law in Louisiana. All costs of these proceedings are assessed against petitioner.